IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No.  04-144 |
| ) | |
| ISAIAH SHERRELL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the court are two motions seeking a sentence reduction or immediate release under the First Step Act filed pro se by defendant Isaiah Sherrell ("Sherrell") (ECF Nos. 689, 691)[1] The government filed a response in opposition (ECF No. 693).  Also pending is a motion by Sherrell seeking appointment of counsel (ECF No. 700), which will be denied as moot because Sherrell has counsel.  The court granted his counsel leave to file a counseled supplement (ECF No. 699).  The counseled supplement was filed on February 28, 2024.  The motions are ripe for disposition.

Factual and Procedural Background

In the pending motions, Sherrell is seeking a reduction in the term of imprisonment imposed by the court in a judgment dated June 27, 2023, for violations of his supervised release (ECF No. 688).  Sherrell pleaded guilty in Crim. No. 04-144 to conspiracy to distribute 50 grams or more of crack cocaine and was sentenced on October 3, 2005, to 120 months of imprisonment, to be followed by 5 years of supervised release.  Sherrell completed his initial prison term on December 5, 2014.

---

[1] The document at ECF No. 691 was docketed as a separate motion, but may have been intended to be a memorandum of law in support of Sherrell's earlier motion.  Both filings have been considered by the court.

There have been numerous proceedings since Sherrell served his original term of imprisonment. On June 18, 2015, the court modified the conditions of supervision and directed Sherrell to complete the intermediate sanctions program (ECF No. 558). In January and April 2016, and March 2017 (ECF Nos. 560, 562, 566), the probation office reported other violations, but did not seek sanctions. On November 20, 2017, the court modified the conditions of supervision to add a search condition and prohibit Sherrell from using or possessing alcohol (ECF No. 569).

On February 13, 2018, the court modified the conditions of supervision again. Sherrell was required to complete a 24-session Battering Intervention Program at Renewal Inc. and was prohibited from direct or indirect contact with his former girlfriend during the pendency of charges arising out of a domestic incident on January 31, 2018 (ECF No. 569).

On April 13, 2018, Sherrell admitted a grade B violation of supervision (possession of cocaine). The court revoked Sherrell's supervised release and sentenced him to a period of incarceration of 18 months, followed by a new period of supervised release of 3 years, with additional conditions. Sherrell was released from prison on July 3, 2019, and began serving his term of supervised release.

In 2021, the court concluded, after a hearing, that Sherrell violated the conditions of his supervised release by committing the crimes of indecent assault, false imprisonment and simple assault. The court also found, based on Mr. Sherrell's admission, that he violated the condition about not having contact with the victim. The court revoked Mr. Sherrell's supervision and sentenced him to prison for 1 year and 1 day, followed by a new term of supervision of 3 years, with additional conditions. Mr. Sherrell completed his term of imprisonment and commenced supervision on April 11, 2022.

On June 27, 2023, the court held another supervised release revocation hearing. Sherrell admitted violations 1-4 of the original petition (2 Grade A violations involving domestic violence and 2 Grade C violations). Counsel for Sherrell and the government presented an agreement regarding the appropriate sentence. The government withdrew its supplemental petition. The court accepted the parties' agreement and sentenced Sherrell to 24 months in prison, with no supervised release to follow. That is the sentence Sherrell is now serving. Sherrell's projected release date is November 27, 2024.

The advisory guideline considered by the court in the hearing held on June 27, 2023 was 46-57 months, which was based on: (1) commission of a Grade A violation while on supervision for a Class A felony; and (2) criminal history category V. In response to Sherrell's motion, the government concedes that under the First Step Act, Sherrell's underlying conviction would no longer be a Class A felony (punishable up to life in prison), but would be a Class B felony (punishable up to 40 years in prison) (ECF No. 693 at 6).

The statutory maximum initial term of supervised release for either a Class A or Class B felony is 5 years. 18 U.S.C. § 3583(b)(1). Upon revocation, however, the statutory maximum term of imprisonment that can be imposed for a Class B felony is 3 years. § 3583(e)(3). The applicable sentencing guideline for a Grade A violation while on supervision for a Class B felony in criminal history category V would be 30-37 months, but becomes 30-36 months due to the statutory maximum. U.S.S.G. § 7B1.4.

Legal Analysis

Sherrell seeks a reduction or termination of his sentence under § 404 of the First Step Act. He recognizes that the reduction is discretionary and that he committed numerous

3

violations of his supervised release, but contends that he should be given credit for overserving his initial prison term (under the Fair Sentencing Act he would now be subject to a statutory minimum term of imprisonment of 5 years rather than 10 years and his guideline range would be 60-71 months of imprisonment); he has not been involved with illegal drugs; and he has not been convicted of committing additional crimes.[2]  Sherrell points out that he was a positive influence on his peers during his participation in the RISE program.

The government filed a response to Sherrell's pro se motion in partial opposition to the motion. The government concedes that Sherrell's underlying offense of conviction qualifies for relief under the First Step Act and agrees that the reclassification from a Class A felony to a Class B felony affects the guideline term of imprisonment imposed for the violations of supervised release.  The government contends, however, that Sherrell is not entitled to a reduced sentence or immediate release because the term of imprisonment imposed for the supervised release violation is: (1) consistent with the § 3553 factors; and (2) based on Sherrell's agreement with the government about the proper sentence.

The court agrees that Sherrell qualifies for relief under the First Step Act because the class of felony has a residual effect on the guidelines applicable to revocation of supervised release.  In *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019), the court concluded that because a revocation sentence is a component of the underlying original sentence for the drug conviction, a person serving a revocation sentence is eligible for relief under the First Step Act.

Even if a defendant committed a "covered offense," the court has discretion on whether to reduce sentences under the First Step Act.  Pub. L. 115-391, 132 Stat. 5222 § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to

---

[2] Sherrell was not convicted of crimes in state court, but he did admit to multiple Grade A violations of the supervised release condition that he not commit any federal, state or local crimes.

this section."). The court recognizes that it has the authority to resentence Sherrell. *United States v. Miller*, 594 F.3d 172, 181–82 (3d Cir. 2010). The court, however, declines to exercise its discretion to reduce his prison sentence under the circumstances of this case, for the reasons set forth below. A de novo sentencing hearing is not necessary.

The court again reviews the § 3553(a) sentencing factors. Title 18 United States Code § 3553(a) provides, in relevant part, that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The statute identifies numerous sentencing factors for the court to consider--

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>       (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>       (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
>    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy

      statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

*Id.*

Sherrell committed a serious drug trafficking crime, for which he completed his prison term prior to the enactment of the Fair Sentencing Act. While on supervised release, Sherrell committed numerous, serious (Grade A) violations – many of which involved violence against women. The supervised release violations warranted lengthy terms of imprisonment.

Sherrell has numerous positive personal characteristics. He is intelligent, personable, obtained a good job with the Boilermakers union, and largely avoided drugs. Sherrell has been a valuable mentor to many individuals. Members of the RISE program advocated about his positive influence on others in that program. Unfortunately, he experienced adverse consequences after consuming alcohol and has volatile relationships with women. Sherrell's violations of his supervised release show that he remains a danger to the community.

In light of Sherrell's repeated violations of his supervised release and the parties' agreement about what the appropriate sanction should be, the 24-month term of imprisonment is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes by Sherrell.

The court, in prior revocation sentences, fashioned conditions of supervision to facilitate his ability to avoid further violations. Regrettably, he continued to violate the conditions of his

supervised release. During the 2023 sentencing hearing, the probation office reported that additional conditions would not be effective. Both Sherrell and the government proposed that no further supervision be imposed after Sherrell completes his current term of imprisonment. The court accepted that agreement.

A sentence of imprisonment is available under the statute and recommended by the guidelines for a Grade A violation. After applying the First Step Act, Sherrell would face a statutory maximum of 3 years of imprisonment upon revocation of supervised release and a guideline range of 30-36 months. The 24-month term of imprisonment imposed by the court in June 2023 is below the statutory limit and guideline range.

There were no applicable policies. The court, however, gave great weight to the agreement between Sherrell and the government about what the appropriate sanction should be. The court imposed the sentence agreed upon by the parties.

There were no unwarranted disparities with similarly situated defendants. The court accepted the parties' agreed-upon sentence for a significant downward variance after giving weight to Sherrell's personal characteristics and the seriousness of his repeated violations of supervised release. Restitution was not applicable.

The purposes of the First Step Act would not be advanced by resentencing. The First Step Act was intended, in relevant part, to address the sentencing disparity between crack and powder cocaine offenses. Section 404(a), Pub. L. 115-391, 132 Stat. 5194, 5222. That disparity was not a factor in June 2023 for the supervised release violations.

The 24-month prison term imposed on June 27, 2023, was based upon Sherrell's history of misconduct while on supervision, his personal characteristics and the parties' agreement about what the appropriate sanction should be, as recounted above. The court recognizes that if

7

Sherrell was sentenced today for his underlying conviction, his prison term would be no more than 60 months. Sherrell has completed his original prison term. The court, however, revoked Sherrell's supervision three times and recognized his repeated domestic violence violations. In June 2023, the court determined that a term of imprisonment of 24 months was appropriate, for the reasons it set forth on the record at that time, in particular, his repeated instances of domestic violence. That prison term (24 months) was far below the applicable guideline range considered by the court at that time and is well below the applicable guideline range (30-36 months) after considering the First Step Act adjustment.

      Significantly, Sherrell agreed that 24 months in prison was appropriate. In exchange for that agreement, the government withdrew a supplemental petition and agreed that no further term of supervised release would be imposed. The court adheres to its decision. A term of imprisonment of 24 months was and continues to be warranted and is consistent with the § 3553 sentencing factors.

Conclusion

For the reasons set forth above, although Sherrell committed a covered offense, the court declines to exercise its discretion to reduce his term of imprisonment or grant immediate release. Sherrell's motions for relief under the First Step Act (ECF Nos. 689, 691) will be DENIED. The motion by Sherrell seeking appointment of counsel (ECF No. 700) will be denied as moot.

An appropriate order will be entered.

Dated:  March 5, 2024

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge