**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No.  04-144 |
| | ) | |
| ISAIAH SHERRELL, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

On March 5, 2024, the court issued an opinion and order (ECF Nos. 702, 703) which denied a counseled motion seeking a sentence reduction or immediate release under the First Step Act filed on behalf of defendant Isaiah Sherrell ("Sherrell").  Pending now before the court is a motion for reconsideration (ECF No. 707). The government did not file a response.  The motion is ripe for disposition.

<u>Factual and Procedural Background</u>

The court set forth the factual and procedural history of this case in its March 5, 2024 opinion.  Sherrell does not contest that recitation.  For convenience, it will be repeated here.

Sherrell is seeking a reduction in the term of imprisonment imposed by the court in a judgment dated June 27, 2023, for violations of his supervised release (ECF No. 688).  Sherrell pled guilty in Crim. No. 04-144 to conspiracy to distribute 50 grams or more of crack cocaine and was sentenced on October 3, 2005, to 120 months of imprisonment, to be followed by 5 years of supervised release.  Sherrell completed his initial prison term on December 5, 2014.

There have been numerous proceedings since Sherrell served his original term of imprisonment.  On June 18, 2015, the court modified the conditions of supervision and directed

Sherrell to complete the intermediate sanctions program (ECF No. 558).  In January and April 2016, and March 2017 (ECF Nos. 560, 562, 566), the probation office reported other violations, but did not seek sanctions.  On November 20, 2017, the court modified the conditions of supervision to add a search condition and prohibited Sherrell from using or possessing alcohol (ECF No. 569).

On February 13, 2018, the court modified the conditions of supervision again.  Sherrell was required to complete a 24-session Battering Intervention Program at Renewal Inc. and was prohibited from direct or indirect contact with his former girlfriend during the pendency of charges arising out of a domestic incident on January 31, 2018 (ECF No. 569).

On April 13, 2018, Sherrell admitted a grade B violation of supervision (possession of cocaine).  The court revoked Sherrell's supervised release and sentenced him to a period of incarceration of 18 months, followed by a new period of supervised release of 3 years, with additional conditions.  Sherrell was released from prison on July 3, 2019, and began serving his term of supervised release.

In 2021, the court concluded, after a hearing, that Sherrell violated the conditions of his supervised release by committing the crimes of indecent assault, false imprisonment and simple assault.  The court also found, based on Mr. Sherrell's admission, that he violated the condition about not having contact with the victim.  The court revoked Mr. Sherrell's supervision and sentenced him to prison for 1 year and 1 day, followed by a new term of supervision of 3 years, with additional conditions.  Mr. Sherrell completed his term of imprisonment and commenced supervision on April 11, 2022.

On June 27, 2023, the court held another supervised release revocation hearing.  Sherrell admitted violations 1-4 of the original petition (2 Grade A violations involving domestic

violence and 2 Grade C violations). Counsel for Sherrell and the government presented an agreement regarding the appropriate sentence.  The government withdrew its supplemental petition.  The court accepted the parties' agreement and sentenced Sherrell to 24 months in prison, with no supervised release to follow.  That is the sentence Sherrell is now serving. Sherrell's projected release date is November 27, 2024.

The advisory guideline considered by the court in the hearing held on June 27, 2023, was 46-57 months, which was based on: (1) commission of a Grade A violation while on supervision for a Class A felony; and (2) Sherrell's criminal history category V.  In response to Sherrell's motion, the government conceded that under the First Step Act, Sherrell's underlying conviction would no longer be a Class A felony (punishable up to life in prison), but would be a Class B felony (punishable up to 40 years in prison) (ECF No. 693 at 6).

The statutory maximum initial term of supervised release for either a Class A or Class B felony is 5 years.  18 U.S.C. § 3583(b)(1).  Upon revocation, however, the statutory maximum term of imprisonment that can be imposed for a Class B felony is 3 years.  § 3583(e)(3).  The applicable sentencing guideline for a Grade A violation while on supervision for a Class B felony in criminal history category V would be 30-37 months, but becomes 30-36 months due to the statutory maximum.  U.S.S.G. § 7B1.4.

Legal Analysis

A motion for reconsideration should be granted only where the moving party establishes one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Telfair v. Lynch*, No.

3

CV 16-5085 (SDW), 2016 WL 7015628, at *4 (D.N.J. Dec. 1, 2016).

Attached to the motion for reconsideration is a personal letter from Sherrell to the court. There is no date on the letter and there is no indication that the letter could not have been produced to the court for consideration at the time it decided Sherrell's original motion.  The letter, therefore, does not qualify as "new evidence."  The court, nevertheless, considered Sherrell's letter in resolving the motion for reconsideration.

Sherrell does not point to a change in law or a need to correct a mistake of fact or law to prevent a manifest injustice.  He simply asks the court to read his letter and reconsider its decision.  Sherrell recognizes that a reduction or termination of his sentence under § 404 of the First Step Act is discretionary.  He also concedes that he committed numerous violations of his supervised release.  In his letter to the court, Sherrell sets forth his explanation of the conduct underlying many of those incidents.

In the March 5, 2024 opinion, the court agreed that Sherrell qualifies for relief under the First Step Act because the class of felony has a residual effect on the guidelines applicable to revocation of supervised release.  *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). The court recognized that it has the authority to resentence Sherrell.  *United States v. Miller*, 594 F.3d 172, 181–82 (3d Cir. 2010). The court, however, explained in the March 5, 2024 opinion the reasons it declined to exercise its discretion to reduce his prison sentence under the circumstances of this case.

On one hand, while on supervised release, Sherrell committed numerous, serious (Grade A) violations – many of which involved violence against women.  The supervised release violations warranted lengthy terms of imprisonment.  Unfortunately, Sherrell experienced

adverse consequences after consuming alcohol and has volatile relationships with women. Sherrell's violations of his supervised release show that he remains a danger to the community.

On the other hand, the court recognized that "Sherrell has numerous positive personal characteristics.  He is intelligent, personable, obtained a good job with the Boilermakers union, and largely avoided drugs.  Sherrell has been a valuable mentor to many individuals.  Members of the RISE program advocated about his positive influence on others in that program."  (ECF No. 702).

Weighing heavily in the court's decision was the parties' agreement about what the appropriate sanction should be.  To resolve the then-pending petitions, Sherrell (who was represented by counsel) and the government agreed that a 24-month term of imprisonment was appropriate.  Both Sherrell and the government proposed that no further supervision be imposed after Sherrell completes his current term of imprisonment.  The court accepted that agreement. The government withdrew a supplemental petition.

As the court explained, after applying the First Step Act, Sherrell would face a statutory maximum of 3 years of imprisonment upon revocation of supervised release and a guideline range of 30-36 months.  The 24-month term of imprisonment imposed by the court in June 2023 is below the statutory limit and guideline range.  To repeat, the court stated in the March 5, 2024 opinion that it "gave great weight to the agreement between Sherrell and the government about what the appropriate sanction should be.  The court imposed the sentence agreed upon by the parties." (ECF No. 702).

 The court adheres to its decision.  A term of imprisonment of 24 months was and continues to be warranted and is consistent with the § 3553 sentencing factors. Sherrell agreed that 24 months in prison was appropriate.

<u>Conclusion</u>

For the reasons set forth above, Sherrell's motion for reconsideration (ECF No. 707) will be DENIED.

An appropriate order will be entered.

Dated:  July 11, 2024

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge
